**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MICHAEL FRIDMAN, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| LASTFIRST, LLC, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |
| | : | |

Plaintiff Michael Fridman (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      This case involves a campaign by LastFirst, LLC ("Last First") to market its services through the use of automated telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

3.      The recipients of Last First's illegal text messages, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA, and because the technology used by Last First sends text messages *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.      Plaintiff Michael Fridman is a Florida resident.

5.      Defendant LastFirst, LLC is a New York limited liability company headquartered in this District.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

7.      This Court has general personal jurisdiction over Last First because the company resides here.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because last First resides here and directed the text messages at issue from this District.

## TCPA BACKGROUND

Calls Made Using an "Automated Telephone Dialing System"

9.      The TCPA regulates, among other things, the use of an automated telephone dialing system ("ATDS") to make calls.  *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and*

2

*Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

10.     Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call to a wireless number in the absence of an emergency or the prior express written consent of the called party.  *See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

11.     The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." § 227(a)(1)(A)-(B).  An autodialer includes a device that receives a "preproduced list" of phone numbers (e.g., a list of thousands of marketing leads), and then uses a sequential or "random number generator to determine the order in which to pick phone numbers from [the] list" and then "store[s] those numbers to be dialed at a later time." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1172 n.7 (2021).

12.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

13.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the

signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

The National Do Not Call Registry

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

17.     Defendant Last First is a "person" as the term is defined by 47 U.S.C. § 153(39).

18.     Plaintiff Fridman's telephone number, XXX-XXX-4963, is assigned to a cellular telephone service.

19.     Plaintiff Fridman's telephone number, XXX-XXX-4963, has been registered with the National Do Not Call Registry since prior to 2021.

20.     The Plaintiff received three telemarketing text messages from the Defendant on June 2, 2021.

21.     The text messages solicited the Plaintiff to purchase Defendant's match making and dating consulting services.

22.     In response to these text messages, the Plaintiff engaged the telemarketer to identify how it obtained his personal telephone number, and the Defendant stated that it "got a list of single men".

23.     The text messages utilized a "spoofed" or fake Caller ID number so that they would appear to be a local call to the Plaintiff, which is consistent with *en masse* text messaging.

24.     Plaintiff did not provide his prior express written consent to receive the telemarketing text messages at issue and did not have a prior business relationship with Last First.

25.     The text messages were not necessitated by an emergency.

26.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

28.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) sent a telemarketing text message (3) within the four years prior to the filing of the Complaint (4) using the same dialing platform used to send text messages to Plaintiff.

5

**<u>Do Not Call Class</u>**: All persons within the United States: (1) to whose telephone number registered with the National Do Not Call Registry for at least thirty days at the time of each text message (2) Defendant (or an agent acting on behalf of Defendant) sent more than one telemarketing text message within a 12-month period (3) within the four years prior to the filing of the Complaint.

29.     Plaintiff Fridman is a member of and will fairly and adequately represent and protect the interests of the classes as he has no interests that conflict with any of the class members.

30.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

32.     This Class Action Complaint seeks injunctive relief and money damages.

33.     The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

34.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the Classes' members number, at minimum, in the hundreds in each class.

35.     The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.

36.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

37.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

      (a)  Whether the Defendant used an autodialer to send telemarketing texts;

      (b)  whether Defendant sent texts without first obtaining prior express written consent;

      (c)  whether Defendant systematically sent telemarketing texts to telephone numbers registered with the National Do Not Call Registry;

      (d)  whether Defendant's conduct constitutes a violation of the TCPA; and

      (e)  whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has no interests which are antagonistic to any member of the Classes.

39.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

40.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

41.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

42.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b)) on behalf of the Robocall Class**

43.     Plaintiff incorporates the allegations from paragraphs 1-43 as if fully set forth

herein.

44.     The foregoing acts and omissions of Defendant and/or their affiliates, agents,

and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the

cellular telephone numbers of Plaintiff and members of the Robocall Class using an autodialer.

45.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or

entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of $500 in damages for each and

every call made to their cellular telephone numbers using an autodialer in violation of the statute,

pursuant to 47 U.S.C. § 227(b)(3)(B).

46.     If the Defendant's conduct is found to be knowing or willful, the Plaintiff and

members of the Class are entitled to an award of up to treble damages.

47.     Plaintiff and members of the Class are also entitled to and do seek injunctive

relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for

emergency purposes, to any cellular telephone numbers using an autodialer in the future.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b)) on behalf of the Do Not Call Class**

48.     Plaintiff incorporates the allegations from paragraphs 1-43 as if fully set forth herein.

49.     Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the Do Not Call Class while those persons' phone numbers were registered on the National Do Not Call Registry.

50.     As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Do Not Call Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51.     Plaintiff and Do Not Call Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling cellular telephone numbers advertising their goods or services, except for emergency purposes, using an autodialer in the future;

9

B.      Injunctive relief prohibiting Defendant from calling telephone numbers registered with the National Do Not Call Registry advertising their goods or services, except for emergency purposes, in the future;

C.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

D.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

E.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Date: June 14, 2021

*/s/ Avi R. Kaufman*
Avi R. Kaufman
KAUFMAN P.A.
400 Northwest 26th Street
Miami, Florida 33127
305-469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and proposed classes*

10